## No. 1049

### STATE ex ARRAS v. DONAHEY, Governor

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1517. Decided July 3, 1926

579. GOVERNOR—Writ of mandamus will not lie to compel Governor to appoint Board of Real Estate Examiners, when no act appropriating funds for the operation of the Act creating the Board has been passed.

BY THE COURT.

This action was brought in the Court of Appeals of Franklin County by Edmund Arras seeking to obtain a writ of mandamus compelling the Governor to appoint members of the State Board of Examiners under an Act of the General Assembly passed April 25, 1925 to provide for the regulation by license, of real estate brokers and salesmen.

The Act provides for a complete system and examination and licensing of eral estate brokers and salesmen. The compensation of examiners is fixed at $15.00 per day for actual service. Other items are provided for which would involve expense. The Act provides:— "There shall be a State Board of Real Estate Examiners consisting of three members, who shall be appointed by the Governor with advice and consent of the Senate."

An answer was made in which it was set forth that no funds are provided for salaries and other expenses made necessary by this Act and that the appointment of examiners would be a vain and useless thing for the reason that the Act could not be put into operation without the appropriation of a considerable sum of money; and no such appropriation has been made by the Legislature or is available to the examiners if appointed. The Court of Appeals held:

1. The constitution of Ohio provides that "no money shall be drawn from the treasury, except in pursuance of a specific appropriation made by law."

2. There was no specific appropriation made for the purpose of installing and carrying out the provisions of the Act under consideration.

3. The Appropriation Act was passed before the act in question was adopted; and there was no items of appropriation which sufficiently described the necessities or demands made necessary by the Act in question.

4. It is contended, however, that under 6373-28 GC. the State Board of Real Estate Examiners was made a part of the Department of Commerce for administrative purposes and that the Appropriation Act was sufficiently comprehensive to the Emergency Board to transfer an dappropriate funds for use in paying the salaries of the Board of Examiners.

5. It is discretionary with the Board having control of those funds to appropriate or not to appropriate the same for that purpose. The Court cannot say as a matter of law that such funds are appropriated for this special purpose, nor can a mandatory order issue, requiring the Emergency Board to set aside sufficient funds for the purposes of the Act in question.

6. It is claimed taht the Act itself is an appropriation of funds; but under the constitutional limitation, there must be a specific appropriation for each particular use and a general act would not constitute an appropriation.

7. Where a compliance with a writ of mandamus will require expenditure of funds, a want of funds and of the means of obtaining them is ground for denial of the writ as its issuance would be unavailing.

Writ denied.

(Allread, Ferneding & Kunkle, JJ., concur.)

Attorneys—J. W. Jacoby, Marion and Knepper & Wilcox, Columbus, for Relator; C. C. Crabbe, Atty. Gen., and Wilbur E. Benoy, and C. S. Younger, Special Counsel, Columbus, for Respondent.